Thomas P. Kelly III, SBN 230699
50 Old Courthouse Square, Suite 609
Santa Rosa, California, 95404-4926
Telephone : 707-545-8700
Facsimile : 707-542-3371
Email : tomkelly@sonic.net

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SANTA ROSA DIVISION

| | |
|---|---|
| In re: | Case No. 10-14048 |
| ROD CASTANO | Chapter 13 |
| Debtor. | A.P. Number: _____ |
| SSN: XXX-XX-2561 | |
| ROD CASTANO, | COMPLAINT |
| Plaintiff, | |
| vs. | |
| ONEWEST BANK FSB; DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee of the IndyMac IMSC Mortgage Trust 2007-HOA1, Mortgage Pass-Through Certificates, Series 2007-HOA1 under the Pooling and Servicing Agreement dated June 1, 2007; and DOES 001-010, inclusive, | 341(a) Meeting of Creditors<br>Date:     November 29, 2010<br>Time:     10:00am<br>Location: 777 Sonoma Avenue #116<br>              Santa Rosa, California<br>              95404 |
| Defendants. | Confirmation Hearing<br>Date:     January 12, 2011<br>Time:     1:30pm<br>Court:    Judge Alan Jaroslovsky<br>              99 South E Street<br>              Santa Rosa, California<br>              95404 |

## INTRODUCTION

Rod Castano, Debtor in the bankruptcy case referenced above (hereinafter "PLAINTIFF") hereby brings this complaint (hereinafter "COMPLAINT") against OneWest

Thomas P. Kelly III
50 Old Courthouse Sq.
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

COMPLAINT                                      Page 1 of 9

Case: 10-01172    Doc# 1    Filed: 12/04/10    Entered: 12/04/10 20:55:29    Page 1 of 9

Bank FSB as successor to IndyMac Bank (hereinafter "ONEWEST") and Deutsche Bank National Trust Company as Trustee of the IndyMac IMSC Mortgage Trust 2007-HOA1, Mortgage Pass-Through Certificates, Series 2007-HOA1 under the Pooling and Servicing Agreement dated June 1, 2007 (hereinafter "DEUTSCHE BANK") (collectively hereinafter "DEFENDANTS") based on DEFENDANTS breach of a contract for a loan modification to PLAINTIFF.

//

**JURISDICTION**

1. The Court has jurisdiction over this proceeding which arises in a case under the Bankruptcy Code and concerns actions involving the Debtor, pursuant to Section 1334 of Title 28 of the United States Code.

2. This is a core proceeding and this Court has jurisdiction over this action under Sections 1134, 157(b)(1) and 157(b)(2)(A) and (O) of Title 28 of the United States Code.

3. The venue of this adversary proceeding is properly before this Court pursuant to the provisions of Section 1409 of Title 28 of the United States Code.

//

**GENERAL ALLEGATIONS**

4. PLAINTIFF is an individual currently residing in Sebastopol, California, and is the petitioner in the above-captioned Chapter 13 case in the Northern District of California, Santa Rosa Division commenced on October 20, 2010.

5. PLAINTIFF is the owner of that real property commonly known as 3080 Dyer Avenue, Sebastopol, California, 95472-9660 bearing assessor's parcel number 130-310-036 (hereinafter "PROPERTY").

6. Defendant ONEWEST is a Federal Savings Bank qualified to do business in the State of California with its principal office and/or headquarters in Pasadena, California and is a secured creditor in the above-captioned Chapter 13 case.

7. Defendant DEUTSCHE BANK is a Trust Company qualified to do business in the State of California with its principal office and/or headquarters in New York, New York and

Thomas P. Kelly III
50 Old Courthouse Sq.
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

Case: 10-01172    Doc# 1    Filed: 12/04/10    Entered: 12/04/10 20:55:29    Page 2 of 9

is a secured creditor in the above-captioned Chapter 13 case.

8. PLAINTIFF is ignorant of the true names and capacities of defendants sued herein as DOES 001 through 010, inclusive, and therefore sue these defendants by such fictitious names. PLAINTIFF will amend this complaint to allege their true names and capacities when ascertained.

9. PLAINTIFF is informed and believes and thereon alleges that at all times herein mentioned each Defendant was the agent and employee of each of the remaining Defendants and was acting within the course and scope of said agency and employment and with the knowledge and consent of the remaining Defendants.

//

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

10. On December 13, 2006 PLAINTIFF as borrower, made, executed and delivered to ONEWEST as Trustee, a written promissory note in the amount of $558,000.00 (hereinafter "PROMISSORY NOTE"). A true and correct copy of the PROMISSORY NOTE is attached hereto and marked as Exhibit "A".

11. The PROMISSORY NOTE was secured by a first deed of trust on the PROPERTY executed by PLAINTIFF on December 13, 2006 and was recorded against the PROPERTY as document number 2006-157618 of the official records of Sonoma County on December 20, 2006 (hereinafter "DEED OF TRUST"). A true and correct copy of the DEED OF TRUST is attached hereto and marked as Exhibit "B".

12. On December 19, 2008 ONEWEST recorded a Notice of Default against the PROPERTY.

13. On March 27, 2009 ONEWEST recorded a Notice of Trustee Sale against the PROPERTY. A true and correct copy of this Notice of Trustee Sale is attached hereto and marked as Exhibit "C".

14. PLAINTIFF applied for a loan modification prior to this foreclosure sale, and ONEWEST repeatedly postponed the foreclosure sale until February of 2010 while the application of PLAINTIFF application was pending.

Thomas P. Kelly III
50 Old Courthouse Sq.
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

COMPLAINT Page 3 of 9

14. On February 25, 2010 PLAINTIFF was offered a HAMP Loan Modification by ONEWEST for the PROMISSORY NOTE (hereinafter "LOAN MODIFICATION"). The LOAN MODIFICATION changed the interest rate on the PROMISSARY NOTE to 2.00%, and set monthly payments on the PROMISSARY NOTE at $1,297.35. A true and correct copy of this approval letter from ONEWEST is attached hereto and marked as Exhibit "D".

15. As part of the LOAN MODIFICATION, PLAINTIFF was required to complete a trial period plan which required three monthly payments from PLAINTIFF to ONEWEST in the amount of $1,297.35. These payments were due by April 1, 2010, May 1, 2010, and June 1, 2010 (See Exhibit D).

16. PLAINTIFF made the first trial period plan payment to ONEWEST of $1,297.35 on March 30, 2010 via Western Union. A true and correct copy of the Western Union receipt for this payment is attached hereto and marked as Exhibit "E".

17. PLAINTIFF made the second trial period plan payment to ONEWEST of $1,297.35 on April 28, 2010 via Western Union. A true and correct copy of the Western Union receipt for this payment is attached hereto and marked as Exhibit "F".

18. PLAINTIFF made the third trial period plan payment to ONEWEST of $1,297.35 on May 28, 2010 via Western Union. A true and correct copy of the Western Union receipt for this payment is attached hereto and marked as Exhibit "G".

19. After completing the trial period plan, ONEWEST failed to take any action to make the LOAN MODIFICATION permanent.

20. HAMP Supplemental Directive 10-01 adopted and dated January 28, 2010, and entitled "Home Affordable Modification Program – Program Update and Resolution of Active Trial Modifications" provides as follows:

> "... Borrowers who make all trial period payments timely and who satisfy all other trial period requirements **will** be offered a permanent HAMP modification." (Emphasis added)

A true and correct copy of HAMP Supplemental Directive 10-01 is attached hereto and marked as Exhibit "H".

21. After making the final trial period plan payment on May 28, 2010, PLAINTIFF

Thomas P. Kelly III
50 Old Courthouse Sq.
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

COMPLAINT Page 4 of 9

continued to make monthly payments to ONEWEST of $1,297.35 per month. PLAINTIFF made payments to ONEWEST on June 30, 2010, July 30, 2010, and on August 31, 2010. A true and correct copy of the Western Union receipts for these payments are attached hereto and marked as Exhibit "I".

22. By letter dated August 30, 2010 ONEWEST advised PLAINTIFF that the LOAN MODIFICATION was denied. A true and correct copy of this letter is attached hereto and marked as Exhibit "J".

23. On September 30, 2010 ONEWEST recorded a second Notice of Trustee Sale on the PROPERTY with a sale date of October 21, 2010. A true and correct copy of this Notice of Trustee Sale is attached hereto and marked as Exhibit "K".

24. By letter dated October 18, 2010 ONEWEST advised PLAINTIFF for the second time that the LOAN MODIFICATION was denied. A true and correct copy of this letter is attached hereto and marked as Exhibit "L".

25. As a result of ONEWEST failing to complete the LOAN MODIFICATION, PLAINTIFF was forced to file for bankruptcy protection on October 20, 2010 to stop the Trustee Sale set for October 21, 2010.

26. By letter dated November 17, 2010 ONEWEST advised PLAINTIFF that the LOAN MODIFICATION was in a "second review." A true and correct copy of this letter is attached hereto and marked as Exhibit "M".

//

**FIRST CAUSE OF ACTION**
(Breach of Contract against all Defendants)

27. PLAINTIFF hereby incorporates each and every allegation set forth in paragraphs 1 through 26, inclusive, of the COMPLAINT, as though fully set forth herein.

28. DEFENDANTS offered the LOAN MODIFICATION to PLAINTIFF on February 25, 2010.

29. The terms of the offer were that PLAINTIFF had to accept by performance by completing a trial period plan whereby PLAINTIFF would make three monthly payments to

Thomas P. Kelly III
50 Old Courthouse Sq.
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

COMPLAINT Page 5 of 9

DEFENDANTS in the amount of $1,297.35 by April 1, 2010, May 1, 2010, and June 1, 2010.

30. In exchange for PLAINTIFF'S performance, DEFENDANTS promised to make the LOAN MODIFICATION permanent, including changing the interest rate on the PROMISSARY NOTE to 2.00%, and to set the monthly payments on the PROMISSARY NOTE to $1,297.35.

31. PLAINTIFF made all trial period plan payments in a timely manner to DEFENDANTS in the amount of $1,297.35.

32. After PLAINTIFF completed performance of the trial period plan, DEFENDANTS breached the agreement by failing to make the LOAN MODIFICATION permanent.

33. DEFENDANTS further breached the agreement by denying the LOAN MODIFICATION entirely by letter dated August 30, 2010.

34. DEFENDANTS further breached the agreement by recording a Notice of Trustee Sale of the PROPERTY after denying the LOAN MODIFICATION.

35. As a result of this breach of the agreement, PLAINTIFF has suffered damages in the amount of the difference between the interest rate for the PROMISSARY NOTE and the interest rate for the LOAN MODIFICATION.

36. The PROMISSARY NOTE provides for an interest rate of 7.125% on a principal balance of $558,000.00 over a 30 year term commencing on February 1, 2007 and ending on January 1, 2037.

37. If fully amortized, the original terms of the PROMISSARY NOTE would require PLAINTIFF to pay DEFENDANTS by way of interest over a period of 30 years in the amount of $795,365.03. A full amortization table for the PROMISSARY NOTE is attached hereto and marked as Exhibit "N".

38. If fully amortized, the terms of the LOAN MODIFICATION would require PLAINTIFF to pay DEFENDANTS by way of interest over a period of 30 years in the amount of $184,491.60. A full amortization table for the LOAN MODIFICATION is attached hereto and marked as Exhibit "O".

Thomas P. Kelly III
50 Old Courthouse Sq.
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

39. As a result of DEFENDANTS breaching this agreement by denying PLAINTIFF the LOAN MODIFICATION, PLAINTIFF will suffer damages by having to pay additional interest on the PROMISSARY NOTE to DEFENDANTS by way of interest over a period of 30 years in the amount of $610,873.43.

40. PLAINTIFF has suffered additional damages as a result of being forced to file for Chapter 13 bankruptcy to stop a foreclosure sale which arose as a result of the breach by DEFENDANTS, and has incurred costs and attorneys fees in an amount according to proof.

41. PLAINTIFF has suffered additional damages in the form of costs and attorneys fees to bring the present action before this Court in an amount yet to be determined and according to proof.

42. WHEREFORE, Plaintiffs pray for judgment as follows:

//

## SECOND CAUSE OF ACTION
(Declaratory Relief against all Defendants)

43. PLAINTIFF hereby incorporates each and every allegation set forth in paragraphs 1 through 26, inclusive, of the COMPLAINT as though fully set forth herein.

44. This is an action for declaratory judgment pursuant to Section 2201 of Title 28 of the United States Code, for the purpose of determining a question of actual controversy between the PLAINTIFF and DEFENDANTS.

45. As asserted herein, PLAINTIFF alleges that the DEFENDANTS entered into a contract with PLAINTIFF for the LOAN MODIFICATION.

46. A judicial declaration is necessary and appropriate at this time and under the circumstances described herein so that it may be determined whether the acts described herein in fact formed a contract between the parties for the LOAN MODIFICATION, whether the actions of DEFENDANTS constitute a breach of that contract.

47. WHEREFORE, Plaintiffs pray for judgment as follows:

Thomas P. Kelly III
50 Old Courthouse Sq.
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

## THIRD CAUSE OF ACTION
(Breach of Contract - Promissory Estoppel as Substitute for
Consideration against all Defendants)

48. PLAINTIFFS incorporate herein each and every allegation set forth in paragraphs 1 through 26 as though fully set forth herein.

49. PLAINTIFFS are informed and believe and on that basis allege that DEFENDANTS made a promise to PLAINTIFF that if PLAINTIFF completed the payments for the LOAN MODIFICATION then DEFENDANTS would make the LOAN MODIFICATION permanent.

50. PLAINTIFFS are informed and believe and on that basis allege that DEFENDANTS should have reasonably expected that PLAINTIFF would rely upon that promise.

51. PLAINTIFF in fact did rely on that promise by making all payments required for the LOAN MODIFICATION as set forth above.

52. PLAINTIFF is informed and believe and on that basis allege that DEFENDANTS are by the conduct and representations set forth above estopped to deny that PLAINTIFF waived any such performance by DEFENDANTS.

53. PLAINTIFF is informed and believe and on that basis allege that the promise of DEFENDANTS was not honored, and has resulted in injustice and loss to PLAINTIFF in the form of damages according to proof.

WHEREFORE, Plaintiffs pray for judgment as follows:

//

## PRAYER FOR RELIEF

A. Judgment against DEFENDANTS for breach of contract in an amount according to proof.

B. For a judicial declaration that upon PLAINTIFF'S performance by completion of the trial period plan pursuant to the HAMP Program directives, PLAINTIFF and DEFENDANT formed a contract for the LOAN MODIFICATION; and

C. For a judicial declaration that DEFENDANTS breached this contract with

Thomas P. Kelly III
50 Old Courthouse Sq.
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

COMPLAINT Page 8 of 9

Case: 10-01172   Doc# 1   Filed: 12/04/10   Entered: 12/04/10 20:55:29   Page 8 of 9

1 | PLAINTIFF for the LOAN MODIFICATION by failing to make it permanent; and
2 |     D.    For a judgment estopping DEFENDANTS from denying there was a contract and
3 | damages for breach thereof to PLAINTIFF according to proof; and
4 |     E.    Judgment against DEFENDANTS for actual damages, reasonable attorney's
5 | fees and costs; and
6 |     F.    For such further relief that the Court deems appropriate

Dated: December 4, 2010

/s/ Thomas P. Kelly III
Thomas P. Kelly III
Attorney for Plaintiff

Thomas P. Kelly III
50 Old Courthouse Sq.
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

Case: 10-01172   Doc# 1   Filed: 12/04/10   Entered: 12/04/10 20:55:29   Page 9 of 9