UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

ROD CASTANO,                                                     No. 10-14048

                            Debtor(s).
_____/

ROD CASTANO,

                            Plaintiff(s),

            v.                                           A.P. No. 10-1172

ONEWEST BANK FSB, et al.,

                            Defendant(s).
_____/

Memorandum on Motion for Summary Judgment
_____

      Plaintiff and Chapter 13 debtor Rod Castano seeks damages and declaratory relief against defendants OneWest Bank FSB and Deutsche Bank National Trust Company for breach of contract arising out of a HAMP loan modification. These banks have moved for summary judgment.

      Almost all courts which have decided the issue, including all courts in this district, have held that there is no private right of action under the HAMP program. See *Cleveland v. Aurora Loan*

1

*Services, LLC,* 2011 WL 2020565 at *4 (N.D.Cal. 2011); *Morales v. Chase Home Finance, LLC*, 2011 WL 1670045 at *10 (N.D.Cal. 2011); *Lucia v. Wells Fargo Bank, N.A.*, – F.Supp.2d – , 2011 WL 3134422 at*5 (N.D.Cal. 2011); *Hoffman v. Bank of America, N.A.*, 2010 WL 2635773, at *3 (N.D.Cal. 2010). Like plaintiffs in other cases, Castano attempts to circumvent the lack of a private right of action under HAMP by pleading state law breach of contract and "promissory estoppel" claims. Similar attempts were unsuccessful in *Lucia* and *Vida v. OneWest Bank, FSB*, 2010 WL 5148473 (D.Ore. 2010). The latter case specifically held that a breach of contract claim under state law will not lie where the actions which gave right to the claim were "made wholly under the rubric of HAMP." 2010 WL 5148473 at *5.

Moreover, Castano has not filed a declaration or produced any sort of evidence which would create a triable issue of fact even if he could turn an action under HAMP into a viable state law claim.[1] Defendants filed a detailed declaration of Charles Boyle stating:

> "OneWest never agreed to modify the amount of principal owed. OneWest never agreed to permanently modify the monthly payment. OneWest never agreed to modify the interest rate. OneWest never agreed to modify the length of the repayment period. Finally, OneWest Bank never executed a written loan modification agreement."

Castano did not submit a declaration refuting these or any of the other facts in the Boyle declaration. In opposing the motion, Castano points only to the allegations in his unverified complaint. This is insufficient to create a triable issue of fact. "The nomovant cannot rely solely on the pleadings to create an issue of fact which is essential to overcome a summary judgment motion." Brunet and Redish, *Summary Judgment: Federal Law and Practice* (3rd Ed. 2006), § 8.5, p.216. See also *Moran v. Selig,* 447 F.3d 748, 759 (9th Cir. 2006).

For the foregoing reasons, the court will grant defendants' motion for summary judgment. Counsel for defendants shall submit an appropriate form of order and a form of judgment.

//

---

[1]Even the documents Castano relies upon are completely unverified, attached to his brief without any sort of authentication.

2

1 | Dated: August 26, 2011
---|---

　　　　　　　　　　　　　　　　　　　　　　　　Alan Jaroslovsky
　　　　　　　　　　　　　　　　　　　　　　　　U.S. Bankruptcy Judge

3